**AMERICA v. SHEEHAN et ux.**

**No. 11385.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 17, 1952.

Decided Jan. 15, 1953.

David S. Allshouse, Washington, D. C., for appellant.

Leo A. Rover, Washington, D. C., with whom Howard Boyd, Clarence G. Pechacek and Landon G. Dowdey, Washington, D. C., were on the brief, for appellees.

Before EDGERTON, CLARK and BAZELON, Circuit Judges.

PER CURIAM.

This is an appeal from an unsuccessful suit to impress a trust upon certain real estate. Mrs. America's complaint charged that appellee, as her attorney, acquired this property [1] at a sale foreclosing her and her husband's interest as tenants by entireties; and that the acquisition was pursuant to an oral agreement to convey the property to her upon demand and payment of the purchase price. The trial court found, *inter alia,* that the attorney (1) purchased the property for his own account, (2) made no promise or representations to his client that he was buying the property for her account, and (3) did not fail to disclose anything within his knowledge which should have been made known to his client.

■ Being a jealous mistress, the law scrutinizes with extreme care any charge of infidelity in the attorney-client relationship. Even slightly suspicious circumstances can only be relieved by an assurance resulting from the closest scrutiny.[2] It is in this context that we examine the record on appeal.

■ The evidence offered by the parties was in serious conflict. Resolution of this conflict rested upon the trial court's appraisal of credibility. It clearly appears from the record that there was the soundest reason for the appraisal made, and that the evidence was weighed with jealous care. Since we think there is ample evidence to support its findings, the judgment of the District Court must be

Affirmed.

1. Shortly after the sale, appellee-attorney sold the property to one Feeney. Almost two years later, at the request of Feeney, appellee repurchased the property as a gift for his wife. She now has title and is a party to these proceedings.

2. See Pacific Railroad v. Ketchum, 1879, 101 U.S. 289, 300, 25 L.Ed. 932: "[W]e are called upon to decide whether a purchase in the name of the solicitor of one whose property is sold is necessarily in and of itself invalid. * * * It will be scrutinized closely, but until impeached must stand." And see Littleton v. Kincaid, 4 Cir., 1950, 179 F.2d 848, 857–858.